IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARION D. HELMANDOLLAR,**
Claimant Below, Petitioner

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-4**   (JCN: 2019026743)

**BLACKHAWK MINING, LLC,**
Employer Below, Respondent

## MEMORANDUM DECISION

Petitioner Marion Helmandollar appeals the December 14, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Blackhawk Mining, LLC ("Blackhawk") filed a timely response.[1] Mr. Helmandollar did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order which granted Mr. Helmandollar no permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Helmandollar suffered a compensable workplace injury on January 16, 2018, while employed by Blackhawk. Mr. Helmandollar reported that he pulled a roller out of the mud and fell backwards, injuring his lower back. Mr. Helmandollar previously suffered a work injury, and he was granted a 22% PPD award in 2005 for a lumbar strain that resulted in a laminectomy and posterior lumbar interbody fixation.

On January 16, 2018, Mr. Helmandollar underwent an x-ray of his lumbar spine. The x-ray was compared to an x-ray from 2012 and revealed stable posterior metallic surgical fusion with intervertebral disc plug at L5-S1 since 2012, mild retrolisthesis of L4 relative to L5 with advanced degenerative disc space narrowing slightly progressed since 2012, and no acute bony abnormalities or hardware complications. The claim administrator issued an order dated January 24, 2018, holding this claim compensable for low back strain/sprain.

---

[1] Mr. Helmandollar is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. Blackhawk is represented by Sean Harter, Esq.

Mr. Helmandollar was seen by John H. Schmidt III, M.D., on September 27, 2018. Mr. Helmandollar reported increased middle and lower back pain after his 2018 work injury. Dr. Schmidt noted that Mr. Helmandollar had a history of a previous lumbar surgery at the L5-S1 level. Dr. Schmidt diagnosed Mr. Helmandollar with spondylosis with radiculopathy in the lumbar region.

On April 9, 2019, Mr. Helmandollar was seen by Joseph E. Grady II, M.D., for an independent medical examination ("IME"). Mr. Helmandollar reported that he had suffered a lower back injury at work. Dr. Grady diagnosed lumbosacral myofascial sprain superimposed on previous lumbar spine surgery and preexisting multilevel lumbar spondylosis. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*") and West Virginia Code of State Rules § 85-20, Table C, Dr. Grady opined that the claimant had no whole person impairment ("WPI") related to the 2018 injury for the compensable diagnosis of lumbar sprain. On April 17, 2019, the claim administrator issued an order denying Mr. Helmandollar a PPD award for his 2018 injury, based on the report of Dr. Grady.

Mr. Helmandollar was seen by Michael J. Kominsky, D.C., on August 9, 2021. Mr. Helmandollar reported lower back pain and right leg pain, numbness, and weakness. Using the *Guides* and Table 85-20-C, Dr. Kominsky opined that Mr. Helmandollar had 7% WPI related to the compensable 2018 injury. Dr. Kominsky did not apportion for Mr. Helmandollar's 2005 injury or any preexisting degenerative changes.

On August 2, 2022, Mr. Helmandollar was seen by Prasadarao B. Mukkamala, M.D., for an IME. Mr. Helmandollar reported pain in the lower back that radiated down to both lower extremities with numbness. Dr. Mukkamala diagnosed Mr. Helmandollar with lumbar strain superimposed upon preexisting degenerative lumbar disc disease and history of lumbar surgery consisting of fusion at L4-L5 and L5-S1. Using the *Guides* and Table 85-20-C, Dr. Mukkamala opined that the claimant had a total WPI of 21% of the lumbar spine. Dr. Mukkamala chose to apportion 5% to Mr. Helmandollar's preexisting degenerative spondyloarthropathy. Dr. Mukkamala further apportioned the remaining 16% WPI to Mr. Helmandollar's previous 2005 back injury. Thus, Dr. Mukkamala opined that Mr. Helmandollar had 0% WPI related to his compensable injury of 2018.

The Board issued an order dated December 14, 2022, affirming the claim administrator's order. The Board found that Mr. Helmandollar had not established that he had any permanent impairment related to the compensable diagnosis in this claim. Mr. Helmandollar now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Helmandollar argues that the preponderance of the evidence establishes that he sustained more than 0% WPI related to the compensable 2018 injury. Mr. Helmandollar further argues that the Board was clearly wrong in finding that the report of Dr. Kominsky was unreliable because Dr. Kominsky analyzed the prior back injury and degenerative changes and chose not to apportion. We disagree.

The Board found that Dr. Kominsky's report was unreliable because he did not apportion for Mr. Helmandollar's 2005 injury or preexisting degenerative changes. The Board further found that the medical evidence did not establish that Mr. Helmandollar had any permanent impairment related to the compensable diagnosis in this claim. The Board found the reports of Drs. Grady and Mukkamala to be more reliable as they both supported the others finding that Mr. Helmandollar had no permanent impairment related to the compensable diagnosis in this claim.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Helmandollar failed to establish that he has any permanent impairment related to the compensable diagnosis in this claim with the medical evidence provided. It cannot be ignored that Mr. Helmandollar received a PPD award for a prior back injury claim, and he is not entitled to a duplicative award in this claim. Further, we conclude that the Board was not clearly wrong in finding the reports of Drs. Grady and Mukkamala to be more reliable than the report of Dr. Kominsky. Credibility determinations are exclusively reserved for the trier of fact. *See Martin v. Randolph Cnty Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

3

Finding no error in the Board's December 14, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen